# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Lajuana Moten, and Mario Cardenas, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Goodwrx, LLC, a Nevada Limited Liability Company and Does 1 through 50, inclusive,<br><br>Defendant. | Case No. 2:25-cv-00096-APG-BNW<br><br>**ORDER** |

Before the Court are two motions: Defendant's Motion to Strike the Second Amended Complaint (ECF No. 19) and Plaintiffs' Countermotion for Leave to File a Second Amended Complaint (ECF No. 22). The parties filed oppositions (ECF Nos. 21 and 24) and replies (ECF Nos. 23 and 25). Given that (1) Plaintiffs had already amended the complaint "once as a matter of course" prior to the case being removed and (2) Plaintiffs did not have Defendant's written consent or the Court's leave, the Court grants Defendant's Motion to Strike the Second Amended Complaint. Additionally, the Court grants Plaintiffs' Countermotion for Leave to File the Second Amended Complaint because Defendant failed to carry its burden of showing that Plaintiffs' claims would be futile or prejudice Defendant.

**I.   BACKGROUND**

Plaintiffs are two former non-exempt hourly employees of Defendant Goodwrx. ECF No. 1 at 7. Plaintiffs filed a putative-class-action complaint on behalf of themselves and all other current and former hourly workers employed by Goodwrx during the identified two-year period. ECF No. 1 at 7. The complaint was filed in November 2024 in state court—the Eighth Judicial District Court in Clark County, Nevada. ECF No. 1 at 6. The complaint alleged three causes of action: (1) failure to pay wages for each hour worked in violation of Nev. Rev. Stat. § 608.016; (2) failure to pay overtime in violation of Nev. Rev. Stat. § 608.018; and (3) failure to pay all

wages due and owing in violation of Nev. Rev. Stat. § 608.020–050. ECF No. 1 at 13–14. In January 2025, Plaintiffs filed a First Amended Complaint in state court, seeking to add a fourth collective cause of action for failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 207. ECF No. 1 at 62. In turn, Defendant removed the case to federal court. ECF No. 1 at 2. Defendant then answered the complaint (ECF No. 5) and filed a motion to compel arbitration (ECF No. 6), which is still pending.

Without seeking the Court's leave or obtaining Defendant's written consent, Plaintiffs filed a Second Amended Complaint in federal court in February 2025. ECF No. 13. The complaint added an individual cause of action for retaliation under the federal FLSA, 29 U.S.C. § 215(a)(3). ECF No. 13 at 12. In turn, Defendant filed a motion to strike the second amended complaint. ECF No. 19. Plaintiffs opposed and filed a countermotion seeking leave to amend. ECF No. 22.

## II.    Parties' arguments

### A.  Motion to strike

Defendant filed a Motion to Strike the Second Amended Complaint in March 2025. ECF No. 19. It argues the Second Amended Complaint was filed in violation of Federal Rule of Civil Procedure 15(a) because Plaintiffs had already amended "once as a matter of course" in state court and could not do so again in federal court without Defendant's consent or the Court's leave. ECF No. 19 at 2. In support of its argument, Defendant points to *Gui v. Transformation Ministries*, No. 8:24-cv-00971-FWS-ADS, 2024 WL 4002834 (C.D. Cal. July 12, 2024). In that case, the District Court for the Central District of California found that that the plaintiff's amended complaint violated Fed. R. Civ. P. 15 because a prior-amended complaint had previously been filed in state court before removal. ECF No. 19.

Plaintiffs acknowledge that "[w]hen a state court action is removed to federal court, the removal is treated as if the original action had been commenced in federal court." ECF No. 21 at 2 (quoting *Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002)). However, Plaintiffs argue that the Second Amended Complaint (ECF No. 13) complied with Rule 15(a) because it was filed within 21 days after service of the answer (ECF No. 5). *See* ECF No. 21 at 2. Plaintiffs argue that

under Rule 15(a)(1), "once as a matter of course" means once per responsive pleading, not only once throughout the life of the case. ECF No. 21 at 2 (quoting Fed. R. Civ. P. 15(a)(1)).

**B. Countermotion to amend**

Plaintiffs argue that the Court should grant leave for them to file the Second Amended Complaint because there is no undue delay, the claim is not futile, there is no bad faith, and "there is no prejudice to Defendant since this case is in its infancy." ECF No. 22 at 4.

Defendant argues against amendment on the grounds that the amendment would be unduly prejudicial and futile. First, Defendant argues that amendment is not favored in this case because of an arbitration agreement, stating that "any further pleadings and/or action should be resolved in arbitration." ECF No. 23 at 2. Defendant states that it would be prejudiced by the "continued public record exposure of these proceedings given its absolute intent and understanding was that all matters would remain private through the arbitration process." *Id.* Defendant further argues that the putative-arbitration agreement does not permit class-action complaints. ECF No. 24 at 3. Defendant argues that the Motion to Compel Arbitration (ECF No. 6) should be granted, and that therefore this class-action complaint is futile. ECF No. 24 at 3.

Plaintiffs reply that the proposed Second Amended Complaint has already been filed and is already a matter of public record, thus denying Plaintiffs' leave to amend would not restore Defendant's privacy. ECF No. 25 at 2–3. Plaintiffs argue that if Defendant was concerned about privacy, it would have moved to compel arbitration at the outset of the litigation. *Id.* at 3. Moreover, they contend Defendant cannot show it would be prejudiced if the countermotion to file the Second Amended Complaint is granted. ECF No. 25 at 2. Plaintiffs also note that the Second Amended Complaint adds an individual cause of action; not a class claim, and therefore Defendant's futility argument is premised on a mistaken notion. *Id.*

**III. DISCUSSION**

**A. Defendant's Motion to Strike Plaintiffs' Second Amended Complaint**

A party may amend its pleadings before trial "once as a matter of course" within 21 days of serving it, or within 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). If Rule 15(a)(1) does not apply, "a party may amend its

1  pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.
2  15(a)(2). "Rule 15(a)(2)'s rule requiring leave of court also governs amendment of pleadings in
3  actions removed from state court." *Mijares v. Ryder Truck Rental, Inc.*, No. CV 20-1328-MWF,
4  2020 WL 19122217, at *4 (C.D. Cal. Apr. 17, 2020) (finding that the second-amended complaint
5  was improperly filed in federal court because it did not follow Rule 15(a)(2)'s requirements,
6  when the first-amended complaint was filed in state court prior to removal).

7        The Ninth Circuit has held that "[w]hen a state court action is removed to federal court,
8  the removal is treated as if the original action had been commenced in federal court." *Schnabel*,
9  302 F.3d at 1037. Thus, "the federal court takes the case as it finds it on removal and treats
10  everything that occurred in the state court as if it had taken place in federal court." *Butner v.*
11  *Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963). In addition, the Advisory Committee's note to the
12  2009 Amendment states that "[t]he 21-day periods to amend once as a matter of course after
13  service of a responsive pleading or after service of a designated motion are not cumulative. If a
14  responsive pleading is served after one of the designated motions is served, for example, there is
15  no new 21-day period." Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment.

16        Plaintiffs filed a timely First Amended Complaint (ECF No. 1 at 62–74) in state court, and
17  a Second Amended Complaint in this Court (ECF No. 13) after removal. As a result, Plaintiffs
18  had amended their pleading once as a matter of course while in state court. *Howell v. City of*
19  *Fresno*, No. CV-F-07-371 OWW/TAG, 2007 WL 1501844, at *2 (E.D. Cal. May 23, 2007)
20  (granting a motion to strike the second-amended complaint when Plaintiff filed a first-amended
21  complaint in state court, the action was removed to federal court, and Plaintiff filed a second-
22  amended complaint in federal court without seeking the court's leave and without the opposing
23  party's consent).

24        Plaintiffs' argument that they are afforded amendment "as a matter of course" each time a
25  responsive pleading is filed is not supported by case law.[1] *See* ECF No. 22 at 2. For example, the

---

[1] Plaintiffs argue that when Defendant filed the motion to dismiss on December 24, 2024, Plaintiffs could file a Rule 15(a)(1) amendment, and that when Defendant filed the answer to the complaint on January 27, 2025, Plaintiffs could file another Rule 15(a)(1) amendment. ECF No. 22 at 2.

1  United States District Court for the District of Idaho stated: "'Matter of course' has been
2  interpreted to mean that 'Rule 15(a)(1) guarantee[s] a plaintiff an absolute right to amend the
3  complaint *once* [within the limits specified in that Rule].'" *Stuart v. Fisher*, No. 1:02-CV-00020-
4  BLW, 2013 WL 4591005, at *2 (D. Idaho Aug. 27, 2013) (quoting *James v. Hurson Assocs., Inc.
5  v. Glickman*, 229 F.3d 277, 282–83 (D.C. Cir. 2000) (emphasis added)). In addition, Plaintiffs'
6  interpretation of Rule 15 is inconsistent with the Rule and the Advisory Committee's note to the
7  2009 amendment because it would allow for a party to endlessly amend every time a motion to
8  dismiss or answer is filed. *See In re AME Church Emps. Ret. Fund Litig.*, No. 1:22-MD-
9  03035STA, 2024 WL 4668163, at *3 (W.D. Tenn. Nov. 4, 2024) (finding where a party
10 attempted to make the same argument as the one being made by Plaintiffs here that this particular
11 "interpretation of Rule 15(a)(1) is fundamentally flawed because it would permit a plaintiff to
12 circumvent Rule 15(a)(2)'s safe-guarding function to the point of absurdity").

13 This Court's interpretation of the Rule is consistent with other courts in this circuit. As
14 mentioned above, the United States District Court for the District of Idaho explained that a party
15 may amend a pleading *once* as a matter of course under Rule 15(a)(1) but that "[a]ny other
16 amended pleadings cannot be filed absent written consent of the opposing party or leave of
17 court . . . ." *Stuart,* 2013 WL 4591005, at *2. Similarly, the United States District Court for the
18 Eastern District of California has emphasized that parties may only amend once under Rule 15(a).
19 *BNSF Ry. Co. v. San Joaquin Valley R. Co.*, No. 1:08-CV-01086, 2010 WL 3745629, at *1 (E.D.
20 Cal. Sept. 16, 2010) ("[Plaintiff's] January 11, 2010 pleading did not comply with Rule 15
21 because [it] had already amended its counterclaims once as a matter of course on November 30,
22 2009."). Outside this circuit, the United States District Court in the District of Colombia, has held
23 that "the right [to amend the complaint once as a matter of course] terminates 21 days after the
24 *first* responsive pleading or motion under Rule 12(b), (e), or (f) is served, and it does not revive
25 thereafter." *Savignac v. Jones Day*, 341 F.R.D. 120, 123 (D.D.C. 2022) (emphasis added).

26 Therefore, Plaintiffs' First Amended Complaint was filed under the provisions of Rule
27 15(a)(1), and any further amendments needed to comply with the requirements of Rule 15(a)(2).
28 Because Plaintiffs' Second Amended Complaint was filed without Defendant's written consent,

and without the Court's leave, it was not compliant with Rule 15(a)(2). For the foregoing reasons, Defendant's Motion to Strike (ECF No. 19) the Second Amended Complaint (ECF No. 13) is granted.

### B. Plaintiffs' Countermotion for Leave to File Second Amended Complaint

As discussed above, Rule 15(a)(1) does not apply. As a result, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(2). If a party seeks court permission to file an amendment under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." *Id.* "The standard for granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990)); *see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (noting Rule 15(a)'s "liberal amendment policy").

There are five factors courts consider under Rule 15 to assess the propriety of leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). When considering these factors, courts should make all inferences in favor of granting the motion. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). And, "[t]he party opposing the amendment bears the burden of showing why leave should be denied." *Underwood v. O'Reilly Auto Enterprises*, LLC, 342 F.R.D. 338, 343 (D. Nev. 2022). As explained below, Defendant did not meet its burden to show that the amendment should be denied.

#### 1. Futility

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Association Services, Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D.

Nev. Jan. 5, 2018) (internal citations and quotations omitted). In situations where the "legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3 980, 986 (9th Cir. 1999); *see also Miller*, 845 at 214 (noting that when assessing for futility, courts apply a legal standard identical to the one under Rule 12(b)(6)).

Here, Defendant's futility argument is better suited for a motion to dismiss or a motion for summary judgment. *GMAC Mortgage*, 2018 WL 487101, at *2 ("Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment.").

Second, and similarly, given that there is a factual dispute as to whether the arbitration agreement applies, Defendant fails to meet its burden of showing that there are no set of facts Plaintiffs could allege that would constitute a valid and sufficient claim. *See also Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (finding that "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency"). It appears Defendant seeks for the Court to make a factual determination, which is not appropriate at this stage. *See EBET, Inc. v. Aspire Global Int'l Ltd.*, No. 2:23-cv-01830-GMN-DJA, 2024 WL 2059335, at *2 (D. Nev. May 8, 2024) (granting a motion to amend on the basis that defendant's arguments that the case should be subject to arbitration were better developed through a motion to dismiss); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (noting that a court's discretion on Rule 15(a)(2) determinations "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities"). Therefore, Defendant does not prevail on its futility argument.

**2. Prejudice**

A "significant alteration of the litigation's nature and its effect of requiring an entirely new course of defense may weigh against an amendment." *Bliss v. CoreCivic, Inc.*, No. 2:18-cv-01280-JAD-EJY, 2021 WL 8016004, at *5 (D. Nev. May 14, 2021) (quoting *Magallon v.*

*Mineral County*, No. 3:19-cv-00704-MMD-CLB, 2020 WL 1539356, at *1 (D. Nev. Mar. 4, 2020) (internal quotation marks omitted)). Additionally, the Ninth Circuit has held that prejudice is generally found where the amendment would cause substantial delay in the proceedings. *See Lockheed Martin Corp.*, 194 F.3d at 986.

Here, Defendant does not meet its burden of establishing that it would be prejudiced by the additional claim in the proposed Second Amended Complaint in the light of the Rule's liberal amendment policy. Defendant does not assert, for example, that the proposed claim would alter the litigation's nature, nor that it would require an entirely new course of defense. The proposed Second Amended Complaint also would not require a reopening or delay of the discovery period, as the discovery period in this case is open for three more months. *See* ECF No. 17 at 2. Therefore, Defendant has not met its burden of demonstrating that it would be prejudiced by the addition of the fifth individual cause of action contained in the Second Amended Complaint. To the extent Defendant will be prejudiced, it is not because of the proposed amendment. Indeed, Defendant can always seek to seal specific information filed in the docket and/or request to stay discovery.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike the Second Amended Complaint (ECF No. 19) is **GRANTED.** The Clerk of Court is kindly directed to strike the Second Amended Complaint at ECF No. 13.

**IT IS FURTHER ORDERED** that Plaintiffs' Countermotion for Leave to File Second Amended Complaint (ECF No. 22) is **GRANTED.** The Clerk of Court is kindly directed to re-file the Second Amended Complaint (ECF No. 13).

DATED: April 30, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE