

Jason Kuller, NV Bar No. 12244
Rachel Mariner, NV Bar No. 16728
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Suite 130
Las Vegas, Nevada 89144
Telephone: 725.245.6056
Facsimile: 725.220.1802
jason@rafiilaw.com
rachel@rafiilaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LAJUANA MOTEN and MARIO CARDENAS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>GOODWRX LLC, a Nevada Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:25-cv-00096-APG-BNW<br><br>**JOINT STIPULATION TO STAY DISCOVERY AND ALL CASE DEADLINES PENDING THE COURT'S RULING ON DEFENDANT'S MOTION TO COMPEL ARBITRATION [ECF 6]**<br><br>**(FIRST REQUEST)** |

IT IS HEREBY STIPULATED by and between Plaintiffs LAJUANA MOTEN and MARIO CARDENAS ("Plaintiffs") by and through their counsel of record, Raffi & Associates, P.C., and Defendant GOODWRX LLC ("Defendant") by and through its counsel of record, Law Office of Mary Chapman, Ltd. (collectively "Parties"), that all discovery and case deadlines be stayed until the disposition of Defendant's pending motion to compel arbitration of Plaintiffs' claims (ECF 6) ("Motion to Compel"). This stipulation is submitted and based upon the following:

1. This is the Parties' first request for a stay of the Discovery Plan and Scheduling Order submitted by the Parties on February 28, 2025 (ECF 17) ("Scheduling Order") and approved by the Court on March 3, 2025 (ECF 20).

2. On January 27, 2025, Defendant filed its motion to compel arbitration of Plaintiffs' claims (ECF 6) ("Motion to Compel").

3. On April 30, 2025, the Court granted Plaintiffs leave to file their Second Amended Class and Collective Action Complaint ("Complaint"), which was filed that same day. (ECF 26, 27.)

4. Pursuant to the Scheduling Order, the Parties were supposed to exchange initial disclosures no later than February 28, 2025, and Plaintiffs made initial disclosures pursuant to the Scheduling Order.

5. However, due to the complexity of this class and collective action, Defendant has requested additional time to gather the necessary information and documentation necessary to ensure full and accurate initial disclosures.

6. Although Defendant has acted in good faith, the absence of Defendants' initial disclosures has hampered Plaintiffs' ability to conduct discovery, including the disclosure of their initial expert witnesses (currently due to be made on May 15, 2025), as well as their ability to seek conditional certification of their FLSA claims.

7. In addition, given the pendency of Defendant's Motion to Compel, the Parties desire to avoid the time and expense of imminent discovery deadlines and to avoid wasting judicial resources on potentially unnecessary discovery disputes or motion practice (e.g., Plaintiffs' motion for conditional certification).

8. Accordingly, the Parties have agreed to stay all discovery and case deadlines until the disposition of Defendant's Motion to Compel in order to conserve the Parties' resources and for the sake of judicial economy. In addition, pursuant to a separate agreement, the Parties have agreed to toll the statutes of limitations on Plaintiffs' claims, including the claims of putative class and collective members (collectively "Putative Members"), until Defendant's Motion to Compel is resolved.

9. It is well recognized that "[c]ourts have broad discretion in managing their dockets." *Byars v. Western Best, LLC*, No. 2:19-CV-1690-JCM-DJA, 2020 WL 8674195, at *1 (D. Nev. Jul. 6, 2020), citing *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). In exercising such discretion, "courts

are guided by the goals of securing the just, speedy, and inexpensive resolution of actions." *Id.*; *see also* Fed. R. Civ. P. 1. The Parties agree that good cause exists to stay discovery and all case deadlines while Defendant's Motion to Compel remains pending, which might effectively suspend or dispose of this action or certain of Plaintiffs' claims. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021); *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *1 (D. Nev. May 21, 2024).

10. Proceeding with discovery before Defendant's Motion to Compel is resolved could cause unnecessary expense to the Parties, particularly because this is a putative class and collective action, and may clog the Court's docket with potentially unnecessary discovery disputes or motion practice, including a motion for conditional certification of Plaintiffs' collective action claims.

11. Consistent with the foregoing, the Parties believe they will be in a better position to resume discovery once Defendant's Motion to Compel is resolved. In addition, the proposed stay will afford Defendant sufficient time to provide full and accurate initial disclosures.

12. For all these reasons, the Parties believe it is in the interest of judicial efficiency and economy to stay discovery and all case deadlines until the disposition of Defendant's Motion to Compel.

13. In the event that Defendant's Motion to Compel is denied, the Parties will submit a revised Discovery Plan and Scheduling Order ("DPSO") within 14 days after the Court's ruling on Defendant's Motion to Compel. This revised DPSO will extend any pending discovery or case deadlines *pro rata* from the date of the Court's ruling on Defendant's Motion to Compel, or as the Parties may otherwise agree or deem necessary.

14. The Parties further agree that they are not waiving, relinquishing, or otherwise impairing any claim, defense, or other right they may have by virtue of entering into this Stipulation.

/ / /

/ / /

/ / /

/ / /

3
**JOINT STIPULATION TO STAY DISCOVERY AND CASE DEADLINES**



15. This request is made in good faith and not for the purpose of delay.

Dated: May 1, 2025

| Law Office of Mary F. Chapman, Ltd. | Rafii & Associates, P.C. |
|---|---|
| */s/ Mary Chapman* (*with permission*) | */s/ Jason Kuller* |
| Mary F. Chapman, Esq. | Jason Kuller |
| Nevada Bar No. 6591 | Of Counsel |
| 8440 W. Lake Mead Blvd, Suite 203 | Nevada Bar No. 12244 |
| Las Vegas, Nevada 89128 | 1120 N. Town Center Dr., Suite 130 |
| *Attorneys for Defendant* | Las Vegas, Nevada 89144 |
| | *Attorneys for Plaintiffs* |

IT IS SO ORDERED:

_____
**CHIEF U.S. DISTRICT JUDGE**

DATED: May 5, 2025

1.

**4**
**JOINT STIPULATION TO STAY DISCOVERY AND CASE DEADLINES**